1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8  Herb Coleman,                          )    No. CV10-02398-PHX-NVW
                                          )
9             Plaintiff,                   )    **ORDER**
                                          )
10  vs.                                    )
                                          )
11                                         )
   Maricopa   Integrated   Health   System)
12  (MIHS); MIHS Employees John and Jane)
   Does I-X,                              )
13                                         )
              Defendants.                 )
14  _____)

15

16        Plaintiff has filed a pro se Complaint (Doc. 1) and an Application to Proceed in

17  District Court Without Prepaying Fees or Costs. (Doc. 3.)  The Court will grant Plaintiff's

18  application to proceed without prepaying fees and costs and, for the reasons stated below,

19  dismiss the complaint without prejudice.

20  **I.     Dismissal of the Complaint**

21        "[A] federal court may dismiss [a complaint] *sua sponte* if jurisdiction is lacking."

22  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (citations omitted); *see Franklin v.*

23  *Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is

24  entitled to notice and an opportunity to respond when a court contemplates dismissing a

25  claim on the merits, it is not so when the dismissal is for lack of subject matter

26  jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th

27  Cir. 2003) (internal quotations and citations omitted); *see also* Fed. R. Civ. P. 12(h)(3)

28  ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

1   must dismiss the action.").

2        Plaintiff's complaint alleges that Defendant engaged in racially discriminatory

3   employment practices in violation of Title VII of the Civil Rights Act of 1964, as

4   amended, 42 U.S.C. § 2000e.  However, Plaintiff has not alleged facts showing that

5   jurisdiction in this Court is proper.  To establish federal subject matter jurisdiction over a

6   Title VII claim, a plaintiff must exhaust his administrative remedies with the Equal

7   Employment Opportunity Commission ("EEOC") or the appropriate state agency.  42

8   U.S.C. § 2000e-5(f)(1); *see also Sommatino v. U.S.*, 255 F.3d 704, 709 (9th Cir. 2001)

9   ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her

10  administrative remedies."(citations omitted)); *EEOC v. Farmer Bros. Co.,* 31 F.3d 891,

11  899 (9th Cir. 1994) ("To establish federal subject matter jurisdiction, [Plaintiff] was

12  required to exhaust her EEOC administrative remedies before seeking federal

13  adjudication of her claims." (citing *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir.1990)

14  ("Title VII claimants generally establish federal court jurisdiction by first exhausting their

15  EEOC administrative remedies....")).

16       Plaintiff's complaint does not establish whether he has exhausted his

17  administrative remedies sufficient to invoke this Court's jurisdiction.  Accordingly, the

18  Court will dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

19  **II.      Leave to Amend**

20       "In civil rights cases where the plaintiff appears pro se, the court must construe the

21  pleading liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v.*

22  *L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted).  "A pro se litigant

23  must be given leave to amend his or her complaint unless it is absolutely clear that the

24  deficiencies of the complaint could not be cured by amendment." *Id.* (citations omitted).

25  Giving Plaintiff the benefit of the doubt, the Court will assume that Plaintiff can allege

26  that he has exhausted his administrative remedies so as to establish federal court

27  jurisdiction.  Plaintiff will therefore be given an opportunity, if he so chooses, to amend

28  his complaint to make clear his allegations in short, plain statements with each claim for

1   relief identified in separate sections.

2        Plaintiff is advised that each claim of an alleged violation must be set forth in a

3   separate count and the factual allegations must be separately numbered.  The complaint

4   must set forth a claim for which relief can be granted in conformity with the requirements

5   of Rules 8(a) and (d)(1) of the Federal Rules of Civil Procedure.  Plaintiff is also warned

6   that if he elects to file an amended complaint and if he fails to comply with the Court's

7   instructions explained in this order, the action will be dismissed pursuant to section 28

8   U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.  *See*

9   *McHenry v. Renne*, 84 F.3d 1172, 1177 (affirming dismissal with prejudice of amended

10  complaint that did not comply with Rule 8(a)); *see also Ferdick v. Bonzelet*, 963 F.2d

11  1258, 1260 (9th Cir. 1992) (holding district court did not abuse its discretion by

12  dismissing pro se plaintiff's complaint for failing to comply with a court order).

13       IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District

14  Court Without Prepaying Fees or Costs (Doc. 3) is granted.

15       IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed with

16  permission to file an amended complaint by January 3, 2011.

17       IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended

18  complaint by January 3, 2011, the Clerk shall dismiss this action without further order of

19  this Court.

20       IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint,

21  the complaint may not be served until and unless the court screens the amended complaint

22  pursuant to 18 U.S.C. § 1915(e)(2).

23       DATED this 3rd day of December, 2010.

24

25

26

27                            Roslyn O. Silver
                        United States District Judge

28