**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herb Coleman, | No. CV-10-02398-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa Integrated Health System, et al., | |
| Defendants. | |

Before the Court is Defendants Maricopa Integrated Health System, Susan Myers, Virginia Martinez, Beverly Smith, and Daunn Smith's Second Motion to Dismiss (Doc. 17). Defendants' motion was filed on May 23, 2011; accordingly, Plaintiff's response to the motion was due June 9, 2011. LRCiv. 7.2(c); Fed. R. Civ. P. 6(d). The Court has not received a response from Plaintiff. Although failing to respond is grounds to grant the motion summarily, *see* LRCiv. 7.2(i), the Court will also grant Defendants' motion on the merits for the reasons stated below.

**I.  Background**

Plaintiff originally filed his complaint on November 5, 2010, with a motion for leave to proceed *in forma pauperis* (Docs. 1, 3). The Court granted Plaintiff *in forma pauperis* status, but screened his complaint pursuant to 18 U.S.C. § 1915(e)(2) (Doc. 6). On January 3, 2011, Plaintiff filed his first amended complaint (Doc. 7). Plaintiff's amended complaint

1 contains seven causes of action: "(1) Defendant MIHS' Violation of Title VII's Prohibition
2 Against Employment Discrimination Gender Discrimination -- Disparate Treatment;  (2)
3 Defendant MIHS' Violation of Title VII's Prohibition Against Employment Discrimination
4 Racial Discrimination -- Disparate Impact; (3) Defendant MIHS' Breach of Contract and/or
5 Promissory Estoppel; (4) Defendant Myers, Martinez, B. Smith individually and in their
6 capacity as supervisors - Negligence; (5) All Defendants - Intentional Infliction of Emotional
7 Distress; (6) Defendant Myers and Defendant D. Smith, individually - Intentional
8 Interference with a Contractual Relationship; and (7) All Defendants - Defamation" (Doc.
9 7). All of Plaintiff's complaints relate to alleged wrongs stemming from his employment
10 with and dismissal from Defendant Maricopa Integrated Health System.

11 Defendants filed their first motion to dismiss on April 14, 2011 (Doc. 10). Although
12 Plaintiff failed to respond to the motion, the Court denied Defendants' motion without
13 prejudice on May 19, 2011 (Doc. 13). On that same day, the Court received a motion from
14 Plaintiff seeking additional time to respond to Defendants' motion to dismiss (Doc. 15),
15 which the Court denied as moot (Doc. 16). Defendants filed a second motion to dismiss on
16 May 23, 2011 (Doc. 17); no response has been received from Plaintiff.

17 **II.    Legal Standard**

18 To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "state a
19 claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)
20 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it
21 contains sufficient factual matter to permit a reasonable inference that the defendant is liable
22 for the conduct alleged. *Id.* "The plausibility standard is not akin to a 'probability
23 requirement,' but it asks for more than a sheer possibility that a defendant has acted
24 unlawfully." *Id.* All allegations of material fact are assumed to be true and construed in the
25 light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th
26 Cir. 2009). However, the principle that a court accepts as true all of the allegations in a
27 complaint does not apply to legal conclusions or conclusory factual allegations. *Iqbal*, 129
28 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere

1 conclusory statements, do not suffice." *Id.* Dismissal under Rule 12(b)(6) can therefore be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III.   Analysis**

Defendants have moved to dismiss Counts Three through Seven of Plaintiff's first amended complaint for failure to state a plausible claim for relief. Defendant asserts that Plaintiff's claims are barred because (1) Plaintiff failed to submit notice of his state law claims as required by A.R.S. § 12-820.01; (2) Plaintiff's state law claims are barred by the one-year statute of limitations for actions against public entities and employees; and (3) Plaintiff cannot assert his Title VII claims against the individual defendants. The Court agrees with the arguments set forth in Defendants' motion to dismiss and will accordingly grant the motion.

**1.   Notice of Claims**

Counts Three through Seven of Plaintiff's first amended complaint all allege state law causes of action against Maricopa Integrated Health System and/or its employees.[1] A.R.S. § 12-821.01(A) states that "[p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee . . . within one hundred eighty days after the cause of action accrues." This notice of claim must include "(1) facts sufficient to permit the public entity to understand the basis upon which liability is claimed, (2) a specific amount for which the claim can be settled, and (3) the facts supporting the amount claimed." *Backus v. State*, 220 Ariz. 101, 104, 203 P.3d 499, 502 (Ariz. 2009).

---

[1] Maricopa Integrated Health System is a group of health care institutions operated by the Maricopa County Special Health Care District, and is therefore a public entity. *See* A.R.S. § 48-5501.01(D); *see also Carey v. Maricopa County*, 602 F. Supp. 2d 1132, 1143-44 (D. Ariz. 2009). The individual defendants were all employees of Maricopa Integrated Health System during the relevant period, and are as such public employees.

- 3 -

Because Plaintiff's employment with Maricopa Integrated Health System ended on July 31, 2007, he was required to file his notice of claim by January 27, 2008. *See* A.R.S. § 12-821.01(A). There is no evidence that Plaintiff ever provided Maricopa Integrated Health System or the employee defendants with the required notice of his state law claims against them. Plaintiff cannot pursue his claims against Maricopa Integrated Health System or its employees unless he has complied with the notice provision in A.R.S. § 12-821.01(A). *See Deer Valley Unified School Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, 152 P.3d 490, 492 (Ariz. 2007) ("Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred."). For this reason, Counts Three through Seven — which allege breach of contract and/or promissory estoppel, negligence, intentional infliction of emotional distress, and defamation — will all be dismissed.

### 2. Statute of Limitations

Defendants next state that Counts Three through Seven should be dismissed because Plaintiff's complaint was untimely filed. A.R.S. § 12-821 requires "[a]ll actions against a public entity or public employee" to be "brought within one year after the cause of action accrues and not afterward." Plaintiff's claims relate to his employment with and dismissal from Maricopa Integrated Health System, which occurred on July 31, 2007. Accordingly, Plaintiff's claims accrued by July 31, 2007; therefore, he should have filed his complaint by July 31, 2008. However, Plaintiff's complaint was not filed until November 5, 2010. Plaintiff has provided no explanation for his failure to comply with the relevant limitations period. Because Plaintiff's state law claims were filed after the statute of limitations on such causes of action had expired, Defendant's motion to dismiss Counts Three through Seven will be granted.

### 3. Individual Employee Defendant Liability Under Title VII

Finally, Defendants have argued that, to the extent Plaintiff's complaint attempts to assert claims against the individual employee defendants for violations of Title VII, those claims fail because individual employees are not liable under Title VII. *See, e.g.*, *Walsh v. Nevada Dept. of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). However, Counts One

- 4 -

1  and Two of Plaintiff's complaint, which allege his Title VII causes of action, specifically
2  name Maricopa Integrated Health System as the offending and liable party under Title VII.
3  Therefore, there is no need to dismiss Counts One and Two against the individual employee
4  defendants because those claims do not name them and are directed at Maricopa Integrated
5  Health System only.  However, Defendants assert that because Plaintiff "refers to
6  'Defendants' in plural form" and refers to Maricopa Integrated Health System's "supervisory
7  personnel" in Counts One and Two (Doc. 17 at 6 n.4), dismissal of Counts One and Two is
8  against the individual employee defendants is necessary.  Therefore, to the extent Plaintiff's
9  complaint could be read as directing Counts One and Two at the individual employee
10 defendants, Defendants' motion will be granted because individual employees are not liable
11 under Title VII.  *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993)
12 (noting "individual defendants cannot be held liable for damages under Title VII" and
13 dismissing Title VII claims against defendants in their individual capacities).

**IV.    Leave to Amend**

15 Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P.
16 15(a)(2).  However, leave to amend "need not be given if a complaint, as amended, is subject
17 to dismissal."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).
18 "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."
19 *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Plaintiff's allegations in Counts Three
20 through Seven are clearly barred by the relevant statute of limitations, A.R.S. § 12-821, and
21 by Plaintiff's failure to comply with the notice of claims provision in A.R.S. § 12-821.01.
22 Therefore, no leave to amend will be granted.

23 IT IS ORDERED that Defendants Maricopa Integrated Health System, Susan Myers,
24 Virginia Martinez, Beverly Smith, and Daunn Smith's Second Motion to Dismiss (Doc. 17)
25 is granted.

26 ///
27 ///
28 ///

IT IS FURTHER ORDERED that Counts Three, Four, Five, Six, and Seven of Plaintiff's First Amended Complaint (Doc. 7) are dismissed with prejudice.

DATED this 16th day of June, 2011.

_____
Neil V. Wake
United States District Judge